**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAE THOMPSON., | ) | |
| | ) | |
| Plaintiff, | ) | 3:24-cv-00133-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| GARVEY MANOR NURSING HOME, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Garvey Manor's Motion (Doc. 19) to dismiss Plaintiff's claims of sexual

harassment and hostile work environment will be denied, as will Jesse Pellow's Motion

(Doc. 13) to intervene.

Regarding the former, Plaintiff's sexual harassment and hostile work environment claims

merge. This is so because she does not allege quid pro quo sexual harassment. Moody v. Atl.

City Bd. of Educ, 870 F.3d 206, 213 & n.10 (3d Cir. 2017). The Court rejects Defendant's

assertion that Plaintiff has not pleaded enough facts to meet the "severe or pervasive"

requirement. Although the plausibility standard in *Iqbal/Twombly* certainly has "teeth,"

demanding more of Plaintiff than is alleged in the Complaint would undermine the notice

pleading standard applicable in federal court. Although these elements – at times – properly may

be resolved at the pleadings stage, more commonly they are addressed on summary judgment.

That will be the case here, and the denial is without prejudice.

Turning to Pellow's Motion, he cannot meet Rule 24(a)(2)'s "interest" requirement.

To do so, he must show "a tangible threat to a legally cognizable interest." Liberty Mut. Ins. Co.

v. Treesdale, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) (all parentheticals cleaned up, and citations to quoted and other sources omitted, here and hereafter).

Pellow claims an interest because the Complaint accuses him of sexually harassing Plaintiff. He believes that "the [C]omplaint is mostly against [him] and NOT Garvey Manor," and he alleges that counsel are colluding to "present[] a harassment claim against [him] without [allowing him] to defend himself." Doc. 17 at 1; Doc. 28 at 2.

Pellow misunderstands the circumstances. Plaintiff's case is against Garvey Manor—Pellow is not named as a defendant. This means that Plaintiff's recovery can only be against Garvey Manor. Plaintiff could have named Pellow as a defendant, in which case he may (or may not) have been found civilly liable. At a minimum, Plaintiff could have sued Pellow under the PHRA for "aiding and abetting." *See generally* Dici v. Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996) (discussing this theory, which "contemplates liability that extends beyond Title VII"). Pellow is free of such potential liability.

His interest in this case, if any, is that of a witness, and whether he participates as one will be up to the parties, one or both. Whether or not Pellow harassed Plaintiff is a factual determination to be made through this litigation, whether by the Court or a jury. Intervention cannot change it.

Nor does Pellow have a legally cognizable interest through reference to his lawsuits against his subsequent employer, Presbyterian Village. The Court is aware of his by-now-unsuccessful cases against Presbyterian, in both state and federal court. The relevant rulings are in the public record, and the Court takes judicial notice of them. *See, e.g.*, J-A17033-25 (Pa. Super. Sept. 4, 2025) (affirming grant of summary judgment for Presbyterian); Pellow v. Presbyterian Homes, Inc., 2025 WL 2673612, *1 (3d Cir. Sept. 18, 2025) (affirming dismissal of

2

Pellow's case), *cert. denied*, 2026 WL 135682 (Jan. 20, 2026).  Intervention does not permit Pellow to commandeer Plaintiff's lawsuit to achieve a contrary result.  His intended claims also would be barred under the doctrine of claim preclusion (formerly known as res judicata).

The Court, moreover, will not allow permissive intervention under Rule 24(b)(2). "[I]f intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well."  Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992).  Among other things, courts examine whether intervention will advance a just and equitable resolution of the legal questions presented.  Callahan v. Brookdale Senior Living Cmtys., Inc., 42 F.4th 1013, 1022 (9th Cir. 2022).  Intervention, here, would have the opposite effect.

Defendant's Motion (**Doc. 19**) to dismiss is **DENIED**, and it shall file an answer consistent with Fed. R. Civ. P. 12(a)(4)(A).  Jesse Pellow's Motion (**Doc. 13**) to intervene is **DENIED**.

IT IS SO ORDERED.


March 23, 2026                                          s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       Chief United States District Judge


cc (via ECF email notification):

All Counsel of Record

Jesse Pellow (ECF-registered)

3